(No. 40832.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LITTLE BERRY CURTIS, Appellant.

*Opinion filed November 22, 1968.*

FRED A. HICKS, of Effingham, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and J. A. EATON, Special State's Attorney, (FRED G.

LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Following a trial by jury in the circuit court of Jasper County, the defendant, Little Berry Curtis, was convicted of aggravated incest and sentenced to the penitentiary for not less than eight nor more than twenty years. His post-conviction petition was denied on motion without an evidentiary hearing and defendant has appealed from the post-conviction judgment.

The defendant charged that his constitutional rights were violated by reason of the failure of the trial court to grant his motion for a bill of particulars specifying the time and place of the crime. Defendant claims that he was thereby denied the right to demand the nature and cause of the accusation against him and was denied protection against double jeopardy. There is no claim that the indictment itself was constitutionally deficient. Whether the prosecution shall be required to give a bill of particulars rests in the sound discretion of the court. (*People* v. *Sims,* 393 Ill. 238, 242.) While a clear abuse of that discretion may be error, the denial of a bill of particulars does not deprive one accused of crime of a substantial constitutional right.

The petition also alleged that defendant's appointed counsel was incompetent and unfaithful. In support of this claim the petition alleged that the defendant's daughter had told the attorney that she had been induced to sign a complaint which falsely accused the defendant of having sexual intercourse with her and that the State's Attorney was using coercion against her to induce her to give false testimony. The petition also charged that defendant's counsel was aware of the fact that the State's Attorney had sent

the brother of defendant's wife to the wife to threaten her that if defendant was acquitted the children would be taken away from her. It was further alleged that the attorney permitted the State's Attorney to ask leading questions on the direct examination of defendant's daughter. The final charge in support of the claim of incompetency was that defendant's counsel had come into possession of evidence which showed conclusively that the prosecution was guilty of manufacturing a case against defendant but that the attorney refused to use this evidence, claiming that the prosecutor would object to its admission. The petition alleged that in spite of the information counsel had received, he did not call defendant's brother-in-law as a witness to testify that he had threatened defendant's wife at the instigation of the prosecutor, and did not attempt to show on cross-examination of the daughter that she had made inconsistent statements.

The post-conviction petition was not supported by any affidavits other than the sworn statement of the defendant that the allegations of the petition were true. The post-conviction petition was filed in January 1966, counsel was appointed for the defendant in May 1966, and the hearing on the State's motion to dismiss was not held until April 1967. During this period of approximately eleven months in which petitioner was represented by counsel, no attempt was made to amend the petition or attach supporting affidavits. The record contains a verified motion by counsel for the payment of fees and expenses in the post-conviction proceeding in which counsel stated under oath that he had expended a minimum of twenty hours in conferring with the defendant, telephone conversations with the State's Attorney and others, correspondence, legal research and general preparation for hearing. The claims with reference to incompetency could have been supported by affidavits of members of the defendant's own family—his daughter, his

wife, and his brother-in-law. There was nothing in the petition to justify the absence of supporting affidavits except defendant's statement that he had been unable to obtain affidavits without the assistance of counsel. There was ample time after counsel had been appointed to obtain such affidavits and the trial court properly ruled that in the absence of supporting evidence the allegations of the petition were insufficient to require a hearing. The trial court docket shows that at the hearing on the motion to dismiss the petition the court denied a motion to amend by adding an unverified letter, the nature of which does not appear in the record. In view of the ample opportunity to obtain affidavits, the denial of this motion was not error.

It was also charged that the State suppressed evidence favorable to the defendant. This claim is based upon the charge that defendant's daughter had confessed to the State's Attorney that the charge against the defendant was false. The petition also claimed that the State knowingly used perjured testimony and engaged in a conspiracy to convict the defendant. These allegations are likewise based upon the claim that the State knew that the testimony of the daughter was false. What we have said in this opinion with respect to the lack of supporting affidavits on the claim of incompetency is applicable to these charges. Although they were stated in different terms they were all founded upon the claim that the State knew that the daughter's testimony was false. The absence of an affidavit by the daughter was not excused by petitioner's general allegation that he was unable to obtain one.

The Post-Conviction Hearing Act provides that the petition shall have attached thereto affidavits or other evidence supporting its allegations or shall state why the same are not attached. We have held that the dismissal of a post-conviction petition not complying with these requirements is proper. *People* v. *Reed,* 36 Ill.2d 358; *People* v. *Ashley,* 34 Ill.2d 402, 411.

The dismissal of the unsupported petition in this case was correct and the judgment of the circuit court of Jasper County is affirmed.

*Judgment affirmed.*