KELLY NEVILLE, Plaintiff-Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants (Inland Real Estate Corporation, Defendant).

Second District   No. 84—1167

Opinion filed April 14, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks and Edward M. Kay, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Katherine Bissell, of Prairie State Legal Services, of Geneva, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Kelly Neville, applied for unemployment benefits after his employment with Inland Real Estate Corporation ended in August of 1983. The claims adjudicator denied plaintiff's claim. On appeal, the referee found that plaintiff was entitled to unemployment benefits. Inland Real Estate Corporation appealed the referee's decision, and the Board of Review reversed and denied plaintiff's claim. Plaintiff then filed a complaint in the circuit court under the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.) and the circuit court reversed the Board of Review. The Board of Review appeals from the circuit court's determination that plaintiff is entitled to unemployment benefits.

At the hearing before the referee, Douglas Blume, a maintenance director, and Laurie Moake, a site manager for Inland Real Estate Corporation, testified as the employer's representatives. The evidence revealed that plaintiff, on August 10, 1983, left his place of employment at the Glen Ellyn Estates Apartments at approximately 11:30 a.m. According to plaintiff, he left to apply for another job, although he had not received authorization, Plaintiff did not return to work that day. When he returned on August 11, 1983, Ann Jones, the area supervisor, questioned him about drinking on the job and plaintiff told her that he had not been drinking. Laurie Moake testified that she saw plaintiff on the morning of August 11, 1983, and plaintiff appeared to be suffering from the effects of drinking on the previous night. She testified that plaintiff's eyes were bloodshot and that he had an odor of alcohol on his breath. Moake admitted that plaintiff walked normally and that he seemed to be able to do his job on that day.

On August 12, 1983, plaintiff received notice from Douglas Blume, maintenance director for Inland Real Estate Corporation, informing him that he was being terminated due to a recurrence of

the problems involving his drinking on the job or reporting to work while still suffering from the effects of drinking on the previous night. The letter indicated that Douglas Blume had spoken to plaintiff about the problem on two prior occasions, and as a result of plaintiff's latest misconduct, his employment would be terminated effective August 19, 1983.

Plaintiff admitted that he had been warned about his drinking on two prior occasions, and on one of those occasions, plaintiff testified, he had been out drinking late on the previous night. According to plaintiff, he only reported to work the next day because he thought that the work was beginning to pile up. On that day, plaintiff worked strictly in vacant apartments in order to avoid residents. Also reflected in the record was a prior written warning to plaintiff in which he was told not to come to work smelling of alcohol or in an inebriated condition, as such conduct reflected poorly on plaintiff's employer.

Plaintiff submitted letters from two people who saw him on August 10, 1983. John Phillabaum, a resident of the apartment complex where plaintiff worked, wrote that he spoke with plaintiff at lunch time on August 10, and did not think that plaintiff appeared to be intoxicated. Donald Kuehlthau, a fellow employee, wrote that he worked with plaintiff on the morning of August 10, and plaintiff did not appear intoxicated.

On appeal, the Board of Review contends that its determination that plaintiff was discharged for misconduct, making him ineligible for unemployment benefits, was not against the manifest weight of the evidence and the circuit court erred in reversing. Section 602A of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 432A) declares that a person who has been discharged for misconduct connected with his work is ineligible to collect benefits.

■ It is clear that a person who deliberately violates a reasonable company rule which governs the conduct of an employee is guilty of misconduct within the meaning of the Act so long as there is a nexus between the rule and the employment. (See *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 512, 475 N.E.2d 879, 885.) Here the plaintiff was warned on two occasions by Douglas Blume that he was not to report to work suffering from the effects of drinking, nor was he to drink during work hours. Plaintiff received a written notice that he was not to report to work smelling of alcohol or in an inebriated condition, as that reflected poorly on Inland Real Estate Corporation. There was a nexus between the rule and plaintiff's employment, and we conclude that rules regulating a person's

alcohol consumption during and even before work hours are reasonable when an employee's appearance or conduct on the job is thereby affected. See *Profice v. Board of Review* (1985), 135 Ill. App. 3d 254, 258, 481 N.E.2d 1229, 1232.

■■■ The primary issue presented by this case is whether there was sufficient evidence that plaintiff violated this rule to support the finding of the Board of Review. The Board of Review need not defer to the findings of the referee, but it must consider the referee's findings in making its independent assessment of the evidence. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 380, 465 N.E.2d 1052, 1056.) Findings and conclusions of fact by the agency are considered *prima facie* true and correct, so that the sole function of the reviewing court is to determine whether the agency's decision is against the manifest weight of the evidence. 125 Ill. App. 3d 376, 379-80, 465 N.E.2d 1052, 1056.

The referee specifically found that plaintiff had reported to work on August 11, 1983, with the odor of alcohol on his breath after having received two prior warnings against such conduct. However, the referee concluded that the delay of approximately one week between this alleged misconduct and the date of termination indicated that plaintiff was not discharged for this misconduct. In reversing the referee's determination, the Board of Review indicated that after considering the record of the hearing before the referee it was convinced that plaintiff had been discharged for his misconduct in reporting to work under the influence of alcohol.

■■ ■ Plaintiff was not asked at the hearing whether he reported to work under the influence or smelling of alcohol. His only denial of such allegations appears in his motion for reconsideration of the claims adjudicator's determination, and his unsworn statement is not part of the evidence we may properly consider. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 378, 465 N.E.2d 1052, 1054.) Letters from a fellow employee and a resident of Glen Ellyn Estates as to plaintiff's conduct at or before noon on August 10, 1983, do not indicate that plaintiff did not engage in the drinking of alcohol at some point during the day or night of August 10, 1983. To the extent that there is any conflict between their statements and the testimony by Laurie Moake, the agency's determination should be upheld. Where evidence is conflicting or where there is an issue of credibility, the agency's determination should be sustained. 125 Ill. App. 3d 376, 383, 465 N.E.2d 1052, 1058.

■■ Plaintiff points out that Laurie Moake, the site manager, testified that she did not have the impression that plaintiff was unable

to do his job on August 11. The Illinois Supreme Court has recently held that there is no requirement that the employee's conduct cause harm to the employer in order to constitute misconduct. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 511, 475 N.E.2d 879, 884.

■ The plaintiff also argues that a policy statement in the Department of Labor's Manual of Benefit Precedent Decisions indicates that any undue delay between the alleged misconduct and the discharge raises a presumption that the discharge is due to a cause other than the alleged act. Mc. 385.05. A consent decree entered in Welch v. Bowling, No. 79—L—16004, on May 14, 1984, by the circuit court of Cook County, negated the applicability of the Department of Labor's manual. We note from plaintiff's additional authority, cited upon motion allowed, that the Welch consent decree was amended by stipulation on May 30, 1985. Under the facts of this case, we do not find an undue delay between the misconduct and the discharge. Plaintiff was notified that he would be discharged on August 12, 1983, just one day after he reported to work with bloodshot eyes and the smell of alcohol on his breath. The written notification specified the reason for the impending discharge was this misconduct. We find the fact that plaintiff was given one week's notice before the effective date of termination to be an unpersuasive reason for finding that the discharge was not the result of the misconduct.

Accordingly, we reverse the judgment of the circuit court of Du Page County, and we affirm the Board of Review's determination that plaintiff's discharge was the result of misconduct connected with his work.

Reversed.

NASH, P.J., and UNVERZAGT, J., concur.