ANDREW BULTAS, Plaintiff-Appellant and Cross-Appellee, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF BERWYN *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)   No. 87—0091

Opinion filed May 27, 1988.

Peter A. Felice, of Lyons (Melanie J. Matiasek, of counsel), for appellant.

O'Shea & Quan, of Forest Park (John J. Quan, of counsel), for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Andrew Bultas, appeals from two orders entered by the circuit court of Cook County following hearings pursuant to the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) in which the decision of defendant Board of Fire and Police Commissioners of the City of Berwyn, discharging plaintiff from his employment as a member of the Berwyn police department, was affirmed. Defendant board cross-appeals from the first of the two orders appealed from which reversed certain findings of the board unrelated to the findings used in support of discharge.

We affirm.

On February 7, 1985, Frank R. Kravcik, superintendent of police of the City of Berwyn, instituted a formal complaint, consisting of five counts, against plaintiff Bultas, a member of the Berwyn police department, stemming from two unrelated instances of official misconduct. A timely hearing was commenced in relation to those charges on February 19, 1985, before the defendant board. On August 21, 1985, the board issued a final decision discharging plaintiff Bultas from the department pursuant to section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17). The board found that on or about February 27, 1983, plaintiff, while on duty as a Berwyn police officer, kicked prisoner Donna M. Harrison. The board further found that on February 7, 1985, plaintiff's authorization to engage in "secondary" employment at MacNeal Hospital in Berwyn as a public security officer was rescinded by Berwyn Police Deputy Superintendent John Marra, but that on February 11 and 12, 1985, plaintiff disobeyed the direct order of two of his superiors to refrain from working at the hospital and continued to so work there for some time thereafter.

On September 11, 1985, plaintiff filed a complaint in administrative review in the circuit court of Cook County seeking reversal of the final order of the board discharging plaintiff from employment as a member of the Berwyn police department.

On September 8, 1986, the circuit court issued a written "Decision" which recited that the charge against plaintiff relating to the 1983 incident involving prisoner Harrison was supported by ample evidence, but that the charges of insubordination relating to plaintiff's refusal to refrain from "secondary" employment at MacNeal Hospital were improperly based on an invalid order. Accordingly, the circuit court reversed the charges based on insubordination. However, the court determined that the misconduct involving prisoner Harrison was sufficient alone to affirm plaintiff's discharge.

Subsequently, in light of a pending Federal lawsuit brought by plaintiff Bultas in which he alleged his discharge was in retaliation for supporting an unsuccessful candidate in the 1985 Berwyn mayoral election, defendant board moved for a clarification of the order of September 8, 1986. On October 22, 1986, the circuit court entered an order remanding the matter to defendant board for the determination of whether the sanction imposed was appropriate in view of the court's reversal of the charges of insubordination.

On November 5, 1986, defendant board issued its decision on remand, stating:

"[T]he action of Andrew Bultas while on duty as a Police Offi-

cer of the City of Berwyn, Illinois, on or about February 27, 1983, in the unlawful use of force against Don[n]a Harrison of 2245 Elmwood, Berwyn, Illinois, by kicking her and causing physical injury to her warrants his discharge and this Board affirms its decision to terminate Sergeant Bultas' employment and to discharge him as a Sergeant, Officer and member of the Police Department of the City of Berwyn, Illinois."

On December 9, 1986, the trial court affirmed the decision rendered on remand. This appeal followed.

The notice of appeal recited that the appeal was taken pursuant to the orders of the circuit court entered September 8, 1986 (the initial order, prior to clarification, affirming the finding relating to the unlawful use of force against Harrison, but reversing as to the finding relating to insubordination), and December 9, 1986 (the order, following remand, which affirmed the sanction of discharge based on the incident involving prisoner Harrison alone).

Defendant board filed a notice of cross-appeal on January 13, 1987. The notice of cross-appeal challenged that portion of the September 8, 1986, order reversing the charges of insubordination.

OPINION

■ In reviewing an administrative decision to discharge a public employee, the court must utilize a two-step process. The court must first determine whether the findings of fact of the administrative body are supported by evidence adduced in proceedings had before it. If the findings are so supported, the court must next proceed to examine whether the conclusion that the particular conduct warranted discharge is arbitrary. *Martrin v. Matthys* (1986), 149 Ill. App. 3d 800, 501 N.E.2d 286.

■ It is well settled that the factual findings of an administrative agency are deemed *prima facie* true and correct and the agency's decision based thereon may be disturbed by a court sitting in administrative review only where that decision is contrary to the manifest weight of the evidence. (*Neville v. Board of Review of the Department of Labor* (1986), 143 Ill. App. 3d 548, 494 N.E.2d 512.) A decision is contrary to the manifest weight of the evidence only when, after reviewing the evidence in a light most favorable to the administrative agency, the court determines that no rational trier of fact could have agreed with the agency's decision (*Service Employees International Local Union No. 316 v. Illinois Educational Labor Relations Board* (1987), 153 Ill. App. 3d 744, 505 N.E.2d 418), because an opposite conclusion is clearly evidence. (*Madonia v. Houston*

(1984), 125 Ill. App. 3d 713, 466 N.E.2d 648.) If the record contains any evidence supporting the administrative agency's decision, the decision must be sustained on review. *Fagiano v. Police Board* (1984), 123 Ill. App. 3d 963, 463 N.E.2d 845.

Relevant to our examination of the instant case, in accordance with the above, are the following facts.

At the hearing before defendant board on April 12, 1985, Donna Harrison testified that following a dispute in a parking lot with her estranged husband on February 27, 1983, over the possession of automobile keys, she was placed under arrest by Berwyn police who had been called to the scene. Harrison was charged with disorderly conduct and resisting arrest. Harrison testified that she was handcuffed and "thrown" into the backseat of a squad car "face first" by Officer Thomas Becvar. Harrison stated that at the police station she was "dragged" up a stairway backwards by the handcuffs by Officer Becvar to the station squad room. A dispute arose between Harrison and officers present regarding the relinquishment of Harrison's jewelry and, as a result, she was physically picked up and carried to a cell by the officers. Harrison testified that once in the cell, after the officer holding her legs had lowered them to the ground, but while she was still being supported, she was kicked in her right side by one of the officers. Harrison identified plaintiff Bultas as the individual who kicked her.[1]

Glen Meade, a physician at MacNeal Hospital, testified that he had treated Donna Harrison for bruising and tenderness over her right back. He stated Harrison had sustained a fracture of her ninth rib, located in the middle of her back. Her urine had contained blood. Meade testified that, in his opinion, the rib injury could not have occurred from falling forward. He stated that such an injury could be caused by a kick to that area of the body. Meade also stated that Harrison had told him that the injury was caused by a police officer, but he could not remember whether Harrison had expressly stated she had been kicked.

On appeal, plaintiff does not dispute Harrison unequivocally identified him as the officer who kicked her on February 27, 1983. Rather, plaintiff argues that *only* the victim's testimony was offered as a basis for discharge and that that testimony was based on Harrison's own recollection of events which had taken place some 24

---

[1]Although Harrison was originally under the mistaken impression that the officer who kicked her was named Becvar, when shown photographs of Berwyn police officers in 1984 and asked to identify Becvar, she identified Bultas.

months earlier. Plaintiff also points out that the charges were coincidentally instituted against him prior to a hotly contested mayoral election in Berwyn in which plaintiff stood to become the, then, next superintendent of police if the unsuccessful candidate he supported had won.

■■ ■ Based on our examination of the record, and the narrow scope of review we are confined to apply, we cannot conclude that the decision was against the manifest weight of the evidence. Although plaintiff Bultas disputed the relevant portions of Harrison's testimony, as did other testifying officers who were present in the station on February 27, 1983, such conflicting testimony alone provides no basis for reversing the administrative decision reached below. It is not the function of either the trial court or the appellate court in review of administrative proceedings to reweigh evidence or assess credibility of witnesses. (*Starnawski v. License Appeal Comm'n* (1981), 101 Ill. App. 3d 1050, 428 N.E.2d 1102.) Indeed, where the issue before a court reviewing the final decision of an administrative body is merely one of conflicting testimony and witness credibility, the decision should be sustained. (*O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.) In view that there is evidence in the record which supports the defendant board's decision, plaintiff has not established a basis for disturbing that determination.

■■ ■ Further, while the defense of *laches* may be available to an aggrieved individual in an administrative action in which a substantial delay has occurred between the time of the subject occurrence and the charges stemming therefrom, where, for example, the delay prevents a fair conclusion because evidence has become obscured (*Lutyens v. Ahlrich* (1923), 308 Ill. 11, 139 N.E.2d 50), or where evidence consists of conflicting recollection testimony and several witnesses are unavailable (*Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49), circumstances supporting such a bar to action are not present here. In the instant case, plaintiff does not contend that the delay contributed to the unavailability of any material witness. Further, although the evidence was based on recollection testimony, the record indicates some of the witnesses had the benefit of reviewing prior written statements and none testified doubtfully or with equivocation as to the incidents of February 27, 1983. We are presented only with conflicting testimony and, therefore, cannot conclude that plaintiff was prejudiced by the delay so as to permit application of the defense of *laches.*

We next consider whether the particular misconduct of plaintiff

warranted discharge from the Berwyn police department.

The Illinois Municipal Code controls the dismissal of members of the police force of any municipality within its purview, such as Berwyn in the instant action, and mandates such a sanction be supported by cause. (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17.) The term "cause" has been defined as

"some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position." (*Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.)

In the determination of whether sufficient cause exists to warrant discharge, we do not sit as a supercommission, free to substitute our judgment of what we consider to be a more fitting sanction than that imposed at the administrative level. Rather, once we are satisfied that the charges are substantiated by the record, the extent of review with respect to the sanction of discharge imposed is confined to determining whether that sanction is so unreasonable or arbitrary as to be unrelated to the requirements of service. *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 449 N.E.2d 115.

In the instant case, it has been determined that plaintiff Bultas engaged in what essentially amounts to one instance of police brutality in that he kicked an individual, who was in the custody of the Berwyn police department, causing her to sustain a fractured rib. While we acknowledge that dismissal of plaintiff based on that single charge may appear harsh in view that the record discloses that plaintiff enjoyed an otherwise unblemished career with the Berwyn police, we cannot say the sanction is wholly unrelated to the needs of the department or the municipality. As our supreme court has noted, the discharge of a police officer for conduct unbecoming to the department is not only for the purposes of punishing that individual, but is also for the protection of the community at large. (*DeGrazio v. Civil Service Comm'n* (1964), 31 Ill. 2d 482, 202 N.E.2d 522.) No greater need for concern for such protection occurs than during the process of arrest and detention, which is sufficiently closed to the public eye such that any activity, unwarranted by exigent circumstances or otherwise inappropriate at law, taken toward a detainee, should give rise to dismissal.

Moreover, that plaintiff's discharge arose from the sole mark on his employment history does not preclude a finding of sufficient

cause given the nature of the substantiated charge involved. (*Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 459 N.E.2d 659.) We note that the defendant board had the same information regarding plaintiff's employment history with the department before it when considering the appropriate sanction to apply and, given the limited standard of review of determining whether the sanction was arbitrarily selected, we must decline to consider whether a more lenient sanction than discharge may have been more appropriate. We are aware of no authority which properly permits courts reviewing administrative decisions to reweigh evidence, including mitigating factors, for the purpose of determining that the sanction of discharge is exceedingly harsh and, on that basis, substituting some lesser penalty in its place. Consideration of the relative severity of discharge goes beyond the scope of our review. To participate in such considerations reduces the review of administrative decisions to an exercise in second-guessing and ignores the deference to be accorded to administrative bodies.

We therefore find that the defendant board's decision regarding the incident of February 27, 1983, involving the unlawful use of force toward Harrison was not against the manifest weight of the evidence, and the sanction of discharge in light of that finding was not improper.

Because we hold that plaintiff's dismissal based on that incident alone was justified, it is unnecessary to address the issues raised by defendant board in the cross-appeal.

For the reasons stated above, the decision of the circuit court affirming the discharge of plaintiff is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.