2015 IL App (2d) 140445
No. 2-14-0445
Opinion filed December 11, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| GLENN L. SONNTAG, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 12-MR-331 |
| | ) |      13-MR-886 |
| JAY STEWART, as Director of the Division | ) | |
| of Professional Regulation of the Department | ) | |
| of Financial and Professional Regulation; | ) | |
| BRYAN A. SCHNEIDER, as the | ) | |
| Department's Secretary; SADZI M. OLIVA, | ) | |
| as an Administrative Law Judge for the | ) | |
| Department; AMY B. QUINT, as Chair of the | ) | |
| Illinois Certified Shorthand Reporters Board | ) | |
| of the Department's Division of Professional | ) | |
| Regulation; CAROL A. BARTKOWICZ, | ) | |
| MELISSA CLAGG, TANA J. HESS, | ) | |
| BERNICE E. RADAVICH, WILLIAM A. | ) | |
| SUNDERMAN, and BARBARA A. | ) | |
| WICHMANN, as Members of the Illinois | ) | |
| Certified Shorthand Reporters Board; and | ) | |
| THE DIVISION OF PROFESSIONAL | ) | |
| REGULATION OF THE DEPARTMENT | ) | |
| OF FINANCIAL AND PROFESSIONAL | ) | |
| REGULATION, | ) | Honorable |
| | ) | David R. Akemann, |
|     Defendants-Appellants. | ) | Judge, Presiding. |

_____

     PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Burke and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    The Director of the Division of Professional Regulation of the Illinois Department of Financial and Professional Regulation (Department) appeals from the judgments of the circuit court of Kane County reversing the Department's decisions to revoke and subsequently, on remand, to indefinitely suspend the certified shorthand reporter's license of the plaintiff, Glenn Sonntag. On appeal, the Department contends that its original determination, revoking the plaintiff's license, was not an abuse of discretion. We reverse the trial court's judgment and reinstate the Department's original determination.

¶ 2                                BACKGROUND

¶ 3    On September 25, 1978, the plaintiff was licensed to practice shorthand reporting in Illinois. On May 12, 2004, the Attorney General's office executed a search warrant in the plaintiff's office in connection with an investigation into allegations that the plaintiff was in possession of child pornography. On February 7, 2005, the plaintiff was charged with three counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2004)). On March 7, 2007, the plaintiff pled guilty to those three counts. He was subsequently sentenced to 24 months' probation and fined $1,185. He was also ordered to undergo counseling and register as a sex offender. In March 2009, he successfully completed his probation and his sentence was discharged. The plaintiff continued to work as a shorthand reporter following his arrest and conviction.

¶ 4    In January 2010, the Department filed an administrative complaint against the plaintiff for his violation of the Illinois Certified Shorthand Reporters Act of 1984 (Reporters Act) (225 ILCS 415/1 et seq. (West 2010)). As subsequently amended, the Department's complaint alleged that, as a result of his conviction and the underlying misconduct, the plaintiff was no

longer considered to be of good moral character and thus he satisfied the grounds for disciplinary action under the Reporters Act.

¶ 5    In December 2011, an administrative law judge (ALJ) conducted a hearing on the Department's complaint.  The Department presented: (1) the records of the plaintiff's criminal proceedings and the police reports pertaining to the evidence seized under the search warrant; (2) the testimony of the Geneva police officer responsible for executing the search warrant; and (3) the plaintiff's testimony as an adverse witness.  The Geneva police officer testified that when the search warrant was executed the plaintiff was very cooperative.  The plaintiff immediately admitted the alleged wrongdoing and acknowledged that he had a problem.

¶ 6    In his defense, the plaintiff testified and proposed to present the testimony of 16 character witnesses, but the ALJ limited oral testimony to five witnesses.  The plaintiff chose five witnesses with whom he had previously worked, including a judge, an attorney, and fellow court reporters.  The remaining witnesses were allowed to testify by affidavit, except the plaintiff's psychologist, whose letter was rejected because he would not be subject to cross-examination.

¶ 7    The plaintiff testified that he had completed every duty required by his sentence and that he considered himself completely rehabilitated.  He said that he began counseling as soon as possible after the execution of the search warrant in May 2004 and that he had never viewed child pornography again since that date.  He understood that child pornography was wrong and that it harmed children.  He realized that he had viewed it because he was depressed and under stress about certain relationship issues.  He was certain that he would not engage in such conduct again, because he was in a much better place in his life.  He was no longer depressed, and while he continued to see his psychologist for coaching on other issues, it was not necessary to discuss

his former interest in child pornography. Furthermore, he believed that it would be his "death" to view child pornography again, because he did not want to "spend 20 years in jail."

¶ 8    The plaintiff's witnesses testified that the plaintiff was a valued and needed member of his profession. They considered his use of child pornography as a temporary lapse or a "mistake" that he had overcome. They all believed that at the time of their testimony the plaintiff was of the appropriate moral character to work as a court reporter.

¶ 9    On January 18, 2012, the ALJ issued her recommendation that the plaintiff's certified shorthand reporter's license be revoked. The ALJ found that the Department had proven its factual allegations by clear and convincing evidence, and that "severe discipline" was necessary to carry out the purposes of the Reporters Act. The ALJ explained that the plaintiff "cannot escape the consequences of his actions under the [Reporters] Act by proposing that he has already served his criminal sentence, that he is currently of good moral character, that his conduct did not affect his practice or that not having a license will cause a tremendous hardship on his income."

¶ 10    On March 30, 2012, the Illinois Certified Shorthand Reporters Board (Board), in its recommendation to the Department, adopted the ALJ's decision in its entirety. The plaintiff subsequently moved for rehearing, which the Department denied. On May 25, 2012, the Department revoked the plaintiff's reporter's license.

¶ 11    On June 29, 2012, the plaintiff filed a complaint for administrative review, and sought a stay of enforcement of the Department's decision. The plaintiff argued that, pursuant to *Kafin v. Division of Professional Regulation of the Department of Financial & Professional Regulation*, 2012 IL App (1st) 111875, his discipline was too harsh. In that case, the reviewing court

reversed the administrative revocation of the license of a psychiatrist who had had an inappropriate relationship with a 19-year-old patient.

¶ 12    On October 31, 2012, following a hearing, the trial court granted the plaintiff's motion for a stay.  The trial court found that its decision was consistent with *Kafin*.  Following the trial court's ruling, the Department filed a timely notice of interlocutory appeal.  On appeal, this court affirmed the trial court, holding that the trial court did not abuse its discretion in granting the stay.  *Sonntag v. Stewart*, 2013 IL App (2d) 121288-U, ¶ 32.  Based on the determination in *Kafin*, we noted that the Department's decision to revoke the plaintiff's license could be considered "harsh."  *Id.* ¶ 26.  We noted that the Department's argument that revocation was necessary would have been more persuasive had the Department sought to revoke the plaintiff's license at the time of his arrest or conviction and not almost five years later.  *Id.* ¶ 24.  We further stated "that our decision relate[d] only to the propriety of the trial court's order granting [the] stay.  We do not address in anyway [*sic*] the merits of the underlying dispute."  *Id.* ¶ 34.

¶ 13    On August 12, 2013, on administrative review, the trial court, again relying on *Kafin*, found that the Department's decision revoking the plaintiff's license was "unduly harsh."  The trial court remanded the matter to the Department to enter an appropriate sanction in light of the principles articulated in *Kafin*.

¶ 14    On September 17, 2013, the Department indefinitely suspended the plaintiff's license and noted that the plaintiff was not permitted to petition for restoration of his license for at least two years.  In reaching its determination, the Department stated that *Kafin* should not be applied in this case, because the standard of review here was very deferential and because sanctions under the Medical Practice Act of 1987 (225 ILCS 60/1 *et seq*. (West 2006)), which were at issue in *Kafin*, could not be analogized to sanctions under the Reporters Act.  The Department noted that

this was a case of first impression and that there was no precedent limiting the sanction that could be imposed. The Department did not believe that the sanction was overly harsh, considering that the plaintiff was a "convicted felon child pornographer who engaged in this illicit activity on the job" over a three-year period. Nonetheless, the Department stated that it would enter a lesser sanction for the sole purpose of complying with the trial court's order.

¶ 15    On October 8, 2013, the plaintiff again sought administrative review of the Department's determination. On April 4, 2014, the trial court entered its final judgment. The trial court rejected the Department's argument that *Kafin* was not applicable in this case. The trial court found that the sanction imposed on remand was "overly harsh" in light of mitigating circumstances: the plaintiff was a licensed reporter for 35 years, with no other blemishes on his record; it had been 10 years since the end of the plaintiff's criminal conduct; there were numerous character witnesses who testified for the plaintiff; the plaintiff's conduct underlying the disciplinary action did not involve contact with persons connected to his practice, such as in cases where a physician was inappropriately involved with a patient; and the stated purpose of the statute, to efficiently and accurately produce records, was not impacted by the conduct involved. The trial court found that another remand would serve no useful purpose and that the purpose of disciplinary action in this case was properly fulfilled by the suspension that had already been served. Thereafter, the Department filed a timely notice of appeal.

¶ 16                                    ANALYSIS

¶ 17    On appeal, the Department argues that it did not abuse its discretion in revoking the plaintiff's reporter's license. Judicial review of a decision of the Department is governed by the Administrative Review Law (Review Law) (735 ILCS 5/3-101 *et seq.* (West 2014)). See 225 ILCS 415/23.14 (West 2014). Under the Review Law, this court reviews the Department's

decision and not the decision of the ALJ or the trial court. *Kazmi v. Department of Financial & Professional Regulation*, 2014 IL App (1st) 130959, ¶ 18; see 735 ILCS 5/3-101 (West 2014). The standard of review depends on whether the question presented is one of fact, one of law, or a mixed question of fact and law. *Kazmi*, 2014 IL App (1st) 130959, ¶ 18.

¶ 18    An agency's conclusions of law are reviewed *de novo*. *Id.* ¶ 19.  If the question presented is a mixed question of fact and law, the agency's decision is reviewed under the "clearly erroneous" standard.  *Id.* ¶ 20.  Mixed questions of fact and law are "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated."  *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982).  "An administrative decision is clearly erroneous where the reviewing court is left with the definite and firm conviction that a mistake has been made."  *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago*, 234 Ill. 2d 446, 464 (2009).

¶ 19    Even if the administrative decision is determined to be correct under the foregoing standards of review, the sanction imposed by the agency may still be reversed if it amounts to an abuse of discretion.  *Kazmi*, 2014 IL App (1st) 130959, ¶ 21.  A sanction will be found to be an abuse of discretion if it is either: (1) overly harsh in view of the mitigating circumstances or (2) unrelated to the purpose of the statute.  *Kafin*, 2012 IL App (1st) 111875, ¶ 42.  A "reviewing court defers to the administrative agency's expertise and experience in determining what sanction is appropriate to protect the public interest."  *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 99 (1992).  "It is well settled that an administrative agency's finding of cause for discharge commands respect and substantial deference and will stand even if the reviewing court considers another sanction to be more appropriate."  *County of*

*Cook v. Illinois Local Labor Relations Board*, 302 Ill. App. 3d 682, 692 (1998). Because the issue in this case is the propriety of the Department's sanction, our review is for an abuse of discretion.

¶ 20 In the present case, we cannot say that the Department abused its discretion when it revoked the plaintiff's reporter's license as a sanction for his conviction of possession of child pornography. There is no question that possession of child pornography is a serious offense. At the time of his conviction, it was a Class 3 felony (720 ILCS 5/11-20.1(a)(6), (c) (West 2006)), and the plaintiff is required to stay on the sex offender registry for life (730 ILCS 150/2(E), 7 (West 2006)). Further, the Reporters Act provides that revocation of a reporter's license is an available sanction for a felony conviction. 225 ILCS 415/23(a)(3) (West 2014). The mere fact that a reviewing court would consider a different sanction to be more appropriate does not render a decision arbitrary. *Yeksigian v. City of Chicago*, 231 Ill. App. 3d 307, 312 (1992). As stated in *Bultas v. Board of Fire & Police Commissioners of the City of Berwyn*, 171 Ill. App. 3d 189, 196 (1988) (finding that a police officer's single act of kicking and injuring a detainee was sufficient cause for discharge despite the officer's otherwise "unblemished career"):

"We are aware of no authority which properly permits courts reviewing administrative decisions to reweigh evidence, including mitigating factors, for the purpose of determining that the sanction of discharge is exceedingly harsh and, on that basis, substituting some lesser penalty in its place. Consideration of the relative severity of discharge goes beyond the scope of our review. To participate in such considerations reduces the review of administrative decisions to an exercise in second-guessing and ignores the deference to be accorded to administrative bodies." *Id.* at 197.

Moreover, this is a case of first impression as there are no other cases in Illinois involving revocation of a reporter's license. The Department could have reasonably concluded that, despite the plaintiff's many years as a court reporter with an unblemished record, the severity of his misconduct warranted revocation of his license, to maintain the public's confidence in the Department and the profession and to deter others who are professionally licensed. Accordingly, we cannot say that the Department's determination was overly harsh or unrelated to the purposes of the Reporters Act.

¶ 21    In so ruling, we note that in arguing that the sanction was not an abuse of discretion the Department cites foreign cases where attorneys were disbarred or indefinitely suspended for possession of child pornography. See, *e.g.*, *In re Cohen*, 100 A.3d 529, 535 (N.J. 2014) (applying indefinite suspension for a minimum of five years and requiring attorney to reestablish fitness to practice law); *In re Grant*, 317 P.3d 612, 618 (Cal. 2014) (disbarring attorney on the ground that his continuation in bar would undermine public confidence in the legal profession). We acknowledge that shorthand reporters are not in the same position as attorneys—the former have limited interaction with the public and are rarely if ever in one-on-one situations with them. Nonetheless, these cases show that license revocation is an acceptable sanction for possession of child pornography by a professional.

¶ 22    The plaintiff argues that the Department abused its discretion because it failed to consider mitigating circumstances, *e.g.*, that he had been licensed since 1978 and had no other blemishes on his record; he strictly complied with the terms of his probation; six years had elapsed between the underlying conduct and the commencement of administrative proceedings to discipline him; there was no evidence that he had reoffended since he was charged in 2004; and numerous judges, attorneys, and court reporters attested to his exceptional professional abilities and his

reputation in the community. The plaintiff's argument is premised on case law stating that an abuse of discretion occurs when a sanction is "overly harsh in view of the mitigating circumstances." (Internal quotation marks omitted.) *Kafin*, 2012 IL App (1st) 111875, ¶ 42. However, this assertion must be viewed in light of the abuse-of-discretion standard of review. Under that standard, an agency's decision will not be disturbed unless it is "arbitrary or capricious, or unless no reasonable person would agree with the [agency's] position." *Windsor Clothing Store v. Castro*, 2015 IL App (1st) 142999, ¶ 48. In this case, while the Department was aware of these mitigating circumstances, it could also have properly considered the seriousness of the offense and the high degree of recidivism associated with these types of offenses. See *People v. Nichols*, 2012 IL App (2d) 100028, ¶ 79. The Department could also have considered that the plaintiff's conduct occurred over several years. Additionally, revocation would place the burden on the plaintiff to pursue restoration of his license. In that circumstance, the plaintiff would have to show that he did not present a high risk for reoffending and that he merited the trust of the public. Considering the seriousness of the felony conviction, placing the burden of proof on the plaintiff is not improper. Accordingly, we cannot say that no reasonable person would agree with the Department's decision.

¶ 23 We are troubled by the considerable delay between the time that the plaintiff was convicted of possession of child pornography and the time that the Department began to pursue sanctions. The Department states that it did not learn of the conviction until shortly before it began pursuing disciplinary action. Oddly, the office of the Attorney General, which is representing the Department in this appeal, also prosecuted the defendant for possession of child pornography in Kane County but apparently never reported the conviction to the Department. In holding that the Department did not abuse its discretion, we are not condoning the delay. Due to

the delay, the plaintiff is now being sanctioned eight years after his conviction. He has continued to work as a court reporter throughout most of this time and the evidence indicates that he has worked toward rehabilitation. While sanctions at this time might seem unfair, that is not a reason to find that the Department abused its discretion in revoking the plaintiff's license for his felony conviction.

¶ 24    The plaintiff argues that the sanction was an abuse of discretion because it was unrelated to the purposes of the Reporters Act. The plaintiff notes that section 1 of the Reporters Act provides that the Reporters Act is designed to "encourage proficiency," "promote efficiency," and "establish[] a standard of competency" for certified shorthand reporters. 225 ILCS 415/1 (West 2014). The plaintiff argues that, because the sanction does not promote these purposes, it is improper. This argument is without merit. Section 23 of the Reporters Act clearly provides that sanctions are warranted for the commission of any crime "(i) that is a felony or (ii) that is a misdemeanor, an essential element of which is dishonesty, or that is directly related to the practice of the profession." 225 ILCS 415/23(a)(3) (West 2014). The plain language of the statute clearly shows that sanctions are proper for a felony that is unrelated to the practice of shorthand reporting. *Senese v. Village of Buffalo Grove*, 383 Ill. App. 3d 276, 279 (2008) (a court is not permitted to ignore the plain meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express). Accordingly, the mere fact that the plaintiff's felony did not directly affect his performance of shorthand reporting does not mean that the sanction is improper.

¶ 25    Further, section 1 also provides that a purpose of the Reporters Act is to ensure that the practice of shorthand reporting "merit[s] and receive[s] the confidence of the public." 225 ILCS 415/1 (West 2014). Sanctioning the plaintiff for possession of child pornography, a crime

extremely repugnant to accepted moral standards, is consistent with the promotion of confidence and respect in the shorthand reporter's profession. The predominant purpose "in licensing a trade or profession is the prevention of injury to the public by assuring that the occupation will be practiced with honesty and integrity, excluding from the profession those who are incompetent or unworthy." *Ranquist v. Stackler*, 55 Ill. App. 3d 545, 551 (1977).

¶ 26 We note that the trial court relied on this court's decision on interlocutory appeal in reversing the Department's decision. In that case, we agreed with the trial court's finding that *Kafin* suggested that the plaintiff's sanction, license revocation, was overly harsh. However, the issue in that case was whether the trial court abused its discretion in granting the plaintiff's motion for a stay. Under that standard of review, it was not unreasonable for the trial court to rely on *Kafin* to find that the plaintiff had a reasonable likelihood of success in arguing that his sanction was too severe. However, we also stated that our determination did "not address in anyway [*sic*] the merits of the underlying dispute." *Sonntag*, 2013 IL App (2d) 121288-U, ¶ 34. In the present case, the issue is whether the Department abused its discretion in revoking the plaintiff's license. In light of the severity of the offense, we cannot say that the Department abused its discretion.

¶ 27                                   CONCLUSION

¶ 28 For the foregoing reasons, we reverse the judgment of the circuit court of Kane County and reinstate the Department's original sanction revoking the plaintiff's court reporter's license.

¶ 29 Reversed.