JOHN K. McCAFFERTY, Plaintiff-Appellee, v. THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—88—0882

Opinion filed April 18, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellants.

Rick Allan White, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff John McCafferty filed for administrative review with the Illinois Civil Service Commission (Commission) after he was laid off from his position with the Illinois Department of Central Management Services (CMS). The Commission upheld his termination. The circuit court reversed the Commission's ruling and reinstated plaintiff. Defendants appeal.

Plaintiff began his service with the agency in 1972. He advanced to the position of personnel program supervisor in the Recruiting, Counselling and Examining Unit (RC&E) of the Agency Services-Cook Section. Tobein Tegard is the manager of the Agency Services-Cook Section. Plaintiff was the only employee laid off pursuant to a reorganization intended to eliminate overlapping supervisory duties within the RC&E.

Plaintiff appealed his termination to the Commission. In a letter to the executive secretary of the Commission, plaintiff stated that he had been laid off in contravention of personnel rule 302.520, which provides that layoff plans must include an explanation of the organizational unit selected and be subject to a *bona fide* review by the Director of CMS. He further contended that the wrong organizational unit was targeted and that the proper unit should have been the entire Agency Services-Cook Section. Plaintiff stated that once this proper unit is identified, other violations are apparent. He claims that the order of layoff was not observed as provided in section 302.530 as no consideration was given to his performance records and continuous service in comparison with other employees within his status group.

Michael E. Tristane, Director of CMS, responded to plaintiff's challenge stating that CMS believes plaintiff's layoff to be in accordance with the Personnel Code (Ill. Rev. Stat. 1985, ch. 127, par. 63b101 *et seq.*). A hearing was granted.

At the Commission hearing, CMS contended that RC&E operates as an official and separate entity within the Agency Services-Cook Section. Organizational charts supplied by CMS demonstrated RC&E's placement within CMS's operational structure as a subsection of the Agency Services-Cook Section. Other subsections within that section include an upstate classification unit, a downstate classification unit, an employee assistance program and, currently, the executive recruitment division.

Although there were other personnel program supervisors with

less seniority than plaintiff in the other subsections of the Agency Services-Cook Section, CMS contended that their status was irrelevant as they belonged to separate organizational units. They claim that RC&E was the only unit impacted by this reorganization. Because plaintiff was the only personnel program supervisor in RC&E, the alleged unit designated for layoff, it was not necessary to compare his record with any other supervisor and, therefore, the Personnel Code was not violated.

The evidence established that Tegard, plaintiff's immediate supervisor, was required to assume plaintiff's duties as a result of the elimination of plaintiff's position. Tegard testified that these additional duties would affect the amount of time she had at her disposal to effectively manage other subsections under her supervision. In addition, Tegard assumed the additional responsibility of supervising a newly created unit identified as executive recruitment.

Despite this impact on the duties of the manager of the entire Agency Services-Cook Section, the Commission found the subsection RC&E to be the only unit impacted by the reorganization. Plaintiff's termination was upheld.

Plaintiff filed a complaint for judicial review of the Commission's decision. The parties filed a joint motion and stipulation in the circuit court in which "[t]he parties agree[d] and stipulate[d] that the evidence before the [Commission] establish[ed] that the provisions of the Personnel Code and Rules were not followed by [CMS] if the Agency Services-Cook Section [was] determined to be the organization unit of layoff." The stipulation noted that plaintiff's contention was that the Agency Services-Cook Section was the organizational unit of layoff. Conversely, CMS's contention was the RC&E was the proper organizational unit of layoff.

Pursuant to the stipulation, the court entered a final order finding the Agency Services-Cook Section to be the proper organizational unit of layoff and reinstated the plaintiff. This appeal followed.

■ It is well settled that a decision of an administrative agency will not be reversed unless it is contrary to the manifest weight of the evidence. (*Eastman Kodak Co. v. Fair Employment Practices Comm'n* (1981), 86 Ill. 2d 60, 426 N.E.2d 877.) The sole function of the reviewing court is to ascertain whether the final decision of the agency is just and reasonable in light of the evidence presented. *Penrod v. Department of Corrections* (1979), 72 Ill. App. 3d 649, 391 N.E.2d 59.

■ The Director of CMS is specifically empowered to promulgate personnel rules governing all employees appointed under the Person-

nel Code. (Ill. Rev. Stat. 1985, ch. 127, par. 63b108.) Layoffs from State service can only be effected if the action is taken in compliance with the applicable provisions of the Personnel Code and personnel rules in the Illinois Administrative Code. If the layoff was not in compliance, the employee shall be reinstated. Ill. Rev. Stat. 1985, ch. 127, par. 63b110(12).

■ Section 302.520(a) of the State government personnel code states that an operating agency may request a layoff of an employee for specifically enumerated reasons including reorganization. It further provides that the layoff shall be within organizational units justified by operations and approved prior to the layoff by the Director of the Department of Central Management Services. (80 Ill. Adm. Code 302.520(a) (1985).) Prior to a layoff, the Director must be provided with an explanation of the organizational unit selected, reflecting agency, facility, geographical, operational and other elements deemed relevant by the agency head. 80 Ill. Adm. Code 302.520(b) (1985).

The record indicates that the agency's own witness, who purportedly conducted the review of the layoff plan, could not identify the explanation supplied by the agency for the unit selected in the layoff plan. Ultimately, he was forced to acknowledge that there was no explanation provided and that the reason he approved RC&E as the proper unit for reorganization was because his supervisor had designated it as the proper unit.

He also testified that the reason provided for the layoff itself was that it would eliminate an overlap of duties. However, when asked the nature of the duties that supposedly overlapped, he could not identify the overlap. He admitted that he could not determine whether there was a *bona fide* basis for the layoff because the plan did not specify the alleged overlapping duties.

The witness further testified that at the time he reviewed the plan, he was not aware of the fact that Tegard would be burdened with additional duties and that an additional unit would be created. If he had been made aware of these facts, he is not certain whether or not he would have approved the plan of reorganization.

■ It is clear that CMS failed to provide the required explanation as to the organizational unit selected. This was compounded when it did not further investigate the appropriateness of the unit selected for reorganization. In addition, there was no *bona fide* reason provided for the layoff itself. Such conduct fails to meet any reasonable standard of compliance with the Personnel Code and rules governing layoff.

We, therefore, conclude that the trial court correctly determined

that the decision of the Commission upholding the termination was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and EGAN,* JJ., concur.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.