LLOYD B. FOSTER, Plaintiff-Appellant, v. CIVIL SERVICE COMMIS-
SION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—1420

Opinion filed September 30, 1993.

Cornfield & Feldman, of Chicago (Gail E. Mrozowski, of counsel), for
appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, So-
licitor General, and Claudia E. Sainsot, Assistant Attorney General, of
counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiff, Lloyd Foster, sought administrative review from a rul-
ing by the Civil Service Commission (Commission), which upheld his
layoff from the Illinois Department of Revenue (Department) along
with his particular reemployment classification. On appeal, plaintiff
contends that (1) the decision upholding his layoff was contrary to the

manifest weight of the evidence, and (2) the trial court erred in ruling, following remand proceedings, that he was properly excluded from a certain reemployment list.

Plaintiff began his employment with the Department in May 1971. From that time until 1986, he held the job classification of technical advisor IV. Effective May 1, 1986, he was reclassified as an executive IV in the conference section. Both of these classifications were within the Department's legal division. Although plaintiff refused to sign the transaction form effectuating his transfer, his signature was not required.

In 1987, severe statewide budget cuts necessitated layoffs within the Department, resulting in the elimination of the conference section. Accordingly, plaintiff was laid off along with four other executive IV co-workers in that section. He was placed on a reemployment list for positions within the classification series of "executive" and "administrative assistant." Approval for plaintiff's layoff was given by defendant Central Management Services (CMS).

Plaintiff first learned in June 1987 that the executive IV positions were slotted for possible layoffs, and he immediately submitted a grievance letter to the Department Director. Plaintiff alleged that his reclassification from technical advisor IV to executive IV was a "sham" because there had been no commensurate change in his assigned duties or responsibilities; thus, he requested immediate reinstatement of his technical advisor IV status. Plaintiff also requested that the Director "cause an end to the pattern of discriminatory and harassing actions" designed to induce his retirement, enumerating several specific instances of such conduct. Plaintiff was subsequently laid off effective August 31, 1987.

On September 9, 1987, plaintiff appealed his layoff before the Commission. He contended that the layoff was effectuated in violation of several provisions of the Personnel Code, which governs the administration of State employees (Code) (Ill. Rev. Stat. 1987, ch. 127, par. 63b101 *et seq.*). Plaintiff alleged violations of Code section 8b.13, which provides that, in determining which employees to lay off in cases of budgetary deficiency, consideration should be given to seniority, job performance, and the impact on achieving equal opportunity goals (Ill. Rev. Stat. 1987, ch. 127, par. 63b108b.13; *Cohen v. Civil Service Comm'n* (1988), 168 Ill. App. 3d 994, 997-98, 523 N.E.2d 122). Plaintiff also alleged violations of personnel rules promulgated pursuant to the Code (rules), which require that layoffs occur within organizational units and prohibit discrimination based upon age. (80 Ill.

Adm. Code §§302.520, 302.530, 302.525, 302.790 (1985).) Plaintiff argued that his layoff was subterfuge for a discharge.

In support of these contentions, plaintiff alleged that he had been appointed an administrative law judge in the hearings section in November 1985, while retaining his classification as technical advisor IV. Despite the fact that he was later transferred on paper to the status of executive IV in the conference section, plaintiff remained an administrative law judge in the hearings section until his layoff. Plaintiff observed that every other administrative law judge retained the classification of technical advisor although they performed the same functions he did. He further asserted that he was the only hearings section employee to be laid off, despite the fact that some members of that unit had less seniority than he did. He also argued that he was improperly placed on the reemployment list for executives, when he should have been placed on the list for technical advisors.

In response to plaintiff's appeal, the Commission's executive secretary wrote that an investigation had disclosed no violation of the Code or rules in the procedures employed in plaintiff's layoff. The secretary stated, in relevant part, that allocation listings and organizational charts provided by the Department indicated that plaintiff was in the conference section when it became targeted for layoffs; accordingly, he was laid off along with other executive IV personnel in compliance with the procedures of the Code and rules. In response to plaintiff's assertion that other administrative law judges with less seniority were not laid off, the secretary pointed out that Department records indicated that these people were assigned to the hearings section, not conference. The secretary also found that plaintiff's placement on the executive reemployment list was proper because that had been his last position prior to the layoff.

Plaintiff then wrote to the Commission requesting a hearing but was informed by the secretary that the Commission found no issue of fact or law warranting a hearing in his case. The secretary further noted that in considering layoff appeals, the Commission was required under the rules to ensure that the layoff was within organizational units, but it had no authority to order the reallocation of a layoff petitioner; accordingly, the Commission's review would not include an assessment of the proper allocation of plaintiff's position. The Commission subsequently issued a final decision adopting the staff's findings and denying plaintiff's appeal.

Plaintiff then filed a complaint in the circuit court for administrative review, requesting reversal of the Commission's decision, reinstatement, and back pay and benefits. After a hearing, the court en-

tered an order affirming the Commission's finding that plaintiff's transfer to the conference section was not a sham. However, with regard to plaintiff's reemployment classification, the court noted there was nothing in the record defining the duties of a technical advisor IV as opposed to those of a conferee or executive IV. Accordingly, the court remanded the case for a hearing to determine "whether the duties the plaintiff performed as a technical advisor IV were the same or different than the duties the plaintiff performed as executive IV." The court ordered that if plaintiff was performing the same duties before and after the transfer, he should be placed on the recall list for technical advisor positions as well as for executives.

The relevant evidence at the hearing on remand was detailed in the hearing officer's findings and was essentially undisputed. Donald Mackay, manager of the Department's legal division from October 1985 until after plaintiff's layoff, testified that the legal division consisted of conference, hearing, and litigation sections. When Mackay began as manager, plaintiff was a technical advisor IV in the hearings section. On November 27, 1985, as part of a departmental reorganization, Mackay transferred plaintiff to the position of administrative law judge. Mackay never changed this assignment prior to plaintiff's layoff. According to the testimony of both Mackay and Robert Asbille, who was the supervisor of the hearings section and also of the administrative law judges, plaintiff continuously functioned as an administrative law judge in hearings from November 1985 until his layoff. He was assigned substantial and important cases and his direct supervisor was Asbille. His duties included presiding over hearings in income tax cases, conferring with taxpayers, preparing hearing recommendations based upon his own research and legal analysis, and writing legal opinions. Plaintiff also testified he was never assigned to any duties in the conference unit.

The hearings officer concluded that although the duties of an administrative law judge in the hearings section and a conferee in the conference section overlapped, they were not the same jobs, and plaintiff's duties, both before and after his transfer to executive IV, were those of a hearings section employee. Accordingly, the officer recommended he be placed on the rehire list for technical advisor positions. On November 9, 1990, these findings and conclusions were adopted by the Commission.

The Department and CMS subsequently returned to the trial court seeking reversal of the Commission's decision on remand, alleging, *inter alia*, that the hearings officer had misinterpreted the remand order, and thus erroneously determined plaintiff's reemploy-

ment classification. During the remand hearing the parties had expressed disagreement concerning the scope of the court's order. According to plaintiff, the court sought a determination of whether his duties as an administrative law judge changed before and after May 1986, as a result of his reclassification. The Department and CMS, on the other hand, maintained that plaintiff was actually transferred to executive IV status in November 1985, when he was made an administrative law judge; however, a holdup in paperwork delayed the formal transfer until May 1986. Therefore, in determining whether plaintiff's duties had changed with his transfer, the hearings officer should have compared the periods before and after November 1985 instead of before and after May 1986, as he had done. Defendants thus requested that the trial court reverse plaintiff's placement on the technical advisor rehire list as contrary to the manifest weight of the evidence. Following a hearing, the trial court agreed with defendants' interpretation of the remand order and reversed the Commission's ruling. The court held that because plaintiff's duties had changed greatly before and after November 1985, when he effectively became an executive IV, he was not entitled to placement on the technical advisor rehire list. Plaintiff then filed the instant appeal.

Plaintiff first argues that because he never actually worked in the conference unit, his layoff did not comply with the Code and rules. Because we find this issue dispositive of this case, we do not reach plaintiff's further contentions on appeal.

The Administrative Review Law provides that the factual findings of an administrative agency are *prima facie* true and correct (Ill. Rev. Stat. 1989, ch. 110, par. 3—110), and an administrative agency's decision will not be reversed unless it is arbitrary or capricious, or contrary to the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *McCafferty v. Department of Central Management Services* (1989), 182 Ill. App. 3d 289, 291, 537 N.E.2d 1070.) The role of a reviewing court is limited to determining whether the agency's decision is just and reasonable in light of the evidence presented. (*Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 471, 269 N.E.2d 713.) Reversal is warranted, however, where an opposite conclusion is clearly apparent after a review of the entire record. (*Madonia v. Houston* (1984), 125 Ill. App. 3d 713, 716, 466 N.E.2d 648; *Smith v. O'Keefe* (1973), 9 Ill. App. 3d 814, 815-16, 293 N.E.2d 142.) Additionally, courts of review are not necessarily bound by an agency's interpretation of law. *Worthen v. Secretary of State* (1987), 160 Ill. App. 3d 325, 335, 513 N.E.2d 475.

The Code's purpose, which is to protect the public, is furthered with the protection of civil service employees. (*People v. Niewinski* (1957), 13 Ill. App. 2d 307, 314, 142 N.E.2d 151.) Layoffs of State employees must be in accordance with the Code and personnel rules of the Illinois Administrative Code; if they are accomplished in violation of these provisions, the affected employee must be reinstated. (Ill. Rev. Stat. 1987, ch. 127, par. 63b110(12); *McCafferty*, 182 Ill. App. 3d at 292.) The Code permits layoffs for lack of funds or work, or for the abolition of a position, but requires that an agency give consideration to each employee's performance records and seniority, and the impact on achieving equal employment opportunity goals (Ill. Rev. Stat. 1987, ch. 127, par. 63b108b.13; *Cohen*, 168 Ill. App. 3d 994). The rules contain a similar provision for consideration of seniority and performance records within affected status groups. (80 Ill. Adm. Code §302.530(b) (1985).) To accomplish this end, the rules set forth a detailed, mandatory layoff procedure, which includes requirements that indeterminate layoffs be within organizational units, justified by operations and approved by the Director of CMS (80 Ill. Adm. Code §302.520(a) (1985)), and that the agency head provide the Director, prior to the layoff, with a detailed explanation of the organizational unit selected. 80 Ill. Adm. Code §302.520(b) (1985).

■■ There is no dispute in this case that the organizational unit selected for the layoff was appropriate and that the proper procedures were followed in implementing the layoff within that unit. However, it is also indisputable that plaintiff, although classified in certain Department documents as a member of the conference unit, was in fact in the hearings section. Documents attached to the complaint indicate that from November 1985 until his layoff, plaintiff continued reporting to Asbille, who also signed plaintiff's annual performance evaluations. A memorandum from Mackay in April 1986 authorizing plaintiff's transfer specifically stated that he was being transferred to executive IV status in the hearings section. The findings of the hearing officer on remand unequivocally indicate that plaintiff was in the hearings section from November 1985 until his layoff, and defendants have admitted that plaintiff was in hearings several times in the course of this appeal. Accordingly, because the sole basis for plaintiff's layoff, according to the Department and the Commission, was his status as a member of the conference section, we must conclude the layoff was in contravention of the Code and rules. The parties agreed that plaintiff's performance record during his lengthy tenure with the Department was excellent; indeed, prior to any layoff, plaintiff was entitled to have these records considered with those of employees in

the unit where he was actually employed. This was not done in this case, and as a result, plaintiff was laid off ahead of others with less seniority. Accordingly, the decision upholding plaintiff's layoff must be reversed.

Defendants argue that because plaintiff did not contest his position "reallocation" until his layoff, nearly 16 months after the reclassification occurred, he acquiesced in the decision and cannot now be heard to challenge it. This contention is without merit.

There is no question that plaintiff's appeal from his layoff was timely under the Code and rules. (See 80 Ill. Adm. Code §1.100 (1986).) Indeed, he filed a grievance letter with the Director of the Department as soon as he learned he was potentially subject to layoff. Additionally, the rules authorize the filing of actions in the event of violations of the Code or rules. (80 Ill. Adm. Code §1.110 (1986).) Assuming *arguendo* that plaintiff did not immediately contest his position classification, this does not mean that he waived his right to an investigation into his layoff when he was not working in the unit laid off. Again, defendants exact form over substance. The evidence in this case indicates plaintiff's dispute was not over position reallocation, but rather, stemmed from the premise that his transfer allegedly proved to be subterfuge to effect his discharge. He cannot be said to have acquiesced in this conduct.

■ Additionally, without cross-appealing, defendants urge this court to disregard certain evidence elicited on remand. They argue that, because the hearings officer misinterpreted the scope of the remand order, evidence regarding the propriety of plaintiff's May 1986 transfer was improperly admitted, when in fact, the only relevant evidence was that showing plaintiff's duties before and after November 1985.

When a reviewing court remands a matter with specific instructions, the trial court is powerless to undertake any proceedings beyond those specified therein. *Schlenz v. Castle* (1985), 132 Ill. App. 3d 993, 1002, 477 N.E.2d 697; *Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, 355, 418 N.E.2d 939.

In the initial hearing before the trial court, the court determined that plaintiff's May 1986 transfer was carried out properly on paper and did not amount to a sham; however, the court expressed its concern, for purposes of plaintiff's reemployment classification, that despite this transfer he never ceased being a technical advisor in hearings. Thus, the remand order requested evidence contrasting plaintiff's job duties before and after he became an executive IV in the conference unit. This made evidence regarding the duties of a

hearings officer and a conferee relevant, and this was the only evidence considered for purposes of this appeal.

Defendants' proposition that the classification change actually occurred in November 1985 was not before the trial court in the initial hearing, but rather, was first raised by defendants in their complaint seeking reversal of the Commission's decision on remand. Thus, this argument was not contemplated in the remand order. Indeed, in the hearing after the Commission's decision on remand, the court stated that the remand order sought a comparison of plaintiff's duties before and after April of 1986 when the paper transfer was initiated. Therefore, defendants cannot now claim that this evidence was outside the scope of the remand order.

For the foregoing reasons, the judgment of the circuit court of Cook County as to plaintiff's layoff is reversed and the case remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.

CAHILL, P.J., and JIGANTI,* J., concur.

---

*Justice Jiganti participated in the disposition of this case prior to his retirement.