**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2055-19T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.J.L.,[1]

     Defendant-Appellant.

_____

Argued January 13, 2021 – Decided February 5, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Accusation No. 19-07-1053.

Charles J. Uliano argued the cause for appellant (Chamlin Uliano & Walsh, attorneys; Charles J. Uliano, of counsel; Andrew T. Walsh, on the brief).

Monica Lucinda Do Outeiro, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney;

---

[1] We use initials to protect the confidentiality of records related to applications for enrollment in the pretrial intervention program. See R. 1:38-3(c)(5).

Maura K. Tully, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant C.J.L. pled guilty to a Monmouth County accusation, charging third-degree endangering the welfare of children by possessing images of child pornography, N.J.S.A. 2C:24-4(b)(5)(iii). Pursuant to the negotiated plea agreement, the State agreed to recommend non-custodial probation, with multiple conditions specific to defendant's offense. The State also agreed to permit defendant to apply for pretrial intervention (PTI), although it did not endorse his admission.

Defendant applied for PTI. A probation officer recommended rejection, and the prosecutor agreed. After defendant's appeal to the Law Division was denied, another judge sentenced defendant to a two-year probationary term and imposed nearly all conditions set forth in the plea agreement, including impromptu examinations of defendant's computer and restrictions on his internet use.

Defendant now appeals from a January 22, 2020 judgment of conviction, focusing on his PTI denial. Because we conclude defendant failed to demonstrate the prosecutor's rejection was a patent and gross abuse of discretion, see State v. Roseman, 221 N.J. 611, 625 (2015), we affirm.

I.

The relevant facts are undisputed. In essence, between January 28, 2017 and February 11, 2017, defendant uploaded images of nude prepubescent boys to the social media website, Tumblr. Five months later, between July 19, 2017 and July 24, 2017, defendant uploaded images and videos of nude prepubescent boys to the same website, using a different username. Tumblr reported the activities to the National Center for Missing and Exploited Children.

Thereafter, members of the Monmouth County Internet Crimes Task Force identified defendant's home as the source of the child pornography uploads. On August 7, 2018, task force detectives executed a search warrant at the residence, and seized defendant's laptop and cellphone. In October 2018, a forensic examination of defendant's computer and cellphone confirmed he had uploaded child pornography images to Tumblr. Defendant later told authorities "he has been viewing pornography since the seventh or eighth grade," and "continued looking at younger children, although he was getting older."

On August 14, 2018, one week after police seized his laptop and cellphone, defendant voluntarily began psychotherapy treatment with Mary Merla-Ramos, Ph.D., a licensed psychologist. Thereafter, defense counsel referred defendant to another licensed psychologist, Howard D. Silverman,

3

Ph.D., "for sex offense specific psychological evaluation" to assess defendant's risk to the community and for treatment recommendations, if any.[2]

Defendant was a month shy of his twenty-first birthday and a college student at the time of his PTI application. He lived with his parents and brother when school was not in session. The probation officer who interviewed defendant acknowledged defendant was proactive in seeking counseling to address his behavior before he was arrested.[3] But the officer expressed concerns that defendant's ongoing conduct "since middle school" established "a continuing pattern of antisocial behavior" that "require[d] a higher level of supervision" than PTI could afford.

In a three-page memorandum, the prosecutor adopted the probation officer's findings, and summarized her reasons for likewise denying defendant's admission into the PTI program. Initially, the prosecutor cited Dr. Silverman's report, which recommended: "a longer period of supervision; that defendant

---

[2] Defendant did not provide Dr. Merla-Ramos's reports on appeal, but her findings were summarized in Dr. Silverman's report, which is contained in defendant's confidential appendix.

[3] The record on appeal does not contain the probation officer's report rejecting defendant's application. We rely instead on the prosecutor's October 7, 2019 memorandum, summarizing the officer's reasons for rejection.

A-2055-19T1

'require[d] sex offense specific treatment;['] and that defendant would 'benefit from attending a twelve-step focused self-help group in the community such as S[ex] A[ddicts] A[nonymous] [(S.A.A.)].'" The prosecutor also contended defendant's conduct was inconsistent with the public policy underscoring PTI. See, e.g., N.J.S.A. 2C:43-12(a)(3) (stating PTI "[p]rovide[s] a mechanism for permitting the least burdensome form of prosecution for defendants charged with 'victimless' offenses").

Turning to the seventeen criteria set forth in N.J.S.A. 2C:43-12(e), the prosecutor found seven factors weighed against defendant's admission to PTI. The prosecutor cited the "nature of the offense," N.J.S.A. 2C:43-12(e)(1), and the "facts of the case," N.J.S.A. 2C:43-12(e)(2), noting "[d]efendant created two separate accounts to upload [child pornography] images . . . to Tumblr" during two separate time frames.

The prosecutor also found applicable the "existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment." N.J.S.A. 2C:43-12(e)(5). In citing this factor, the prosecutor reiterated her concern about

Dr. Silverman's conclusions, finding the treatment he recommended "is beyond the scope of what can be managed by [PTI]." The prosecutor noted defendant had treated nearly one year with Dr. Merla-Ramos at that point, yet he "still ha[d] urges to view child pornography."

The prosecutor cited the "needs and interests of the victim and society," N.J.S.A. 2C:43-12(e)(7), finding the "strong need to punish . . . defendant's behavior and prosecute . . . defendant" was well-supported by federal and New Jersey case law. As one notable example, the prosecutor cited In re Cohen, 220 N.J. 7, 12 (2014) (recognizing child pornography "re-victimizes the children involved in each viewing of the same image or video").

Next, the prosecutor found applicable the "extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior," N.J.S.A. 2C:43-12(e)(8), based on defendant's ongoing viewing and uploading images depicting child pornography to Tumblr. And defendant acknowledged to Dr. Silverman that he continued to have urges for underaged boys.

The prosecutor also considered "[w]hether or not prosecution would exacerbate the social problem that led to the applicant's criminal act," N.J.S.A. 2C:43-12(e)(11), and found the "strong need to deter this behavior." Otherwise, "avoid[ing] prosecution would exacerbate the social problem of exploiting

6

children and send a message that this conduct is acceptable and will be treated leniently."

Finally, the prosecutor considered "[w]hether or not the harm done to society by abandoning prosecution would outweigh the benefits to society from channeling an offender into a supervised treatment program," N.J.S.A. 2C:43-12(e)(17). Again, the prosecutor noted child pornography involves the exploitation of children, who "are victimized every time an image of their exploitation is viewed."

In mitigation, the prosecutor weighed "defendant's law-abiding life, community service, pursuit of higher education and ongoing psychological treatment." On balance, however, the prosecutor determined the factors weighed against his admission into the PTI program here, where the risk to society existed if defendant did not adhere to Dr. Silverman's recommendations for intense treatment. Accordingly, the prosecutor concluded PTI was insufficient "to deter future criminal behavior on the part of . . . defendant."

Defendant appealed to the Law Division. Following argument, the judge issued an oral decision, accompanying a December 18, 2019 order that denied defendant's motion. After defendant was sentenced, he filed this appeal.

On appeal, defendant presents a single argument for our consideration:

A-2055-19T1

THE DENIAL OF [DEFENDANT]'S ADMISSION
[]TO [PTI] WAS A PATENT AND GROSS ABUSE
OF DISCRETION.

In particular, defendant claims the prosecutor primarily failed to consider two of the seventeen factors enumerated in N.J.S.A. 2C:43-12(e), i.e., the "motivation and age of the defendant," N.J.S.A. 2C:43-12(e)(3); and "the likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment," N.J.S.A. 2C:43-12(e)(6). Referencing the findings of Drs. Merla-Ramos and Silverman, defendant maintains he is "an excellent prospect for rehabilitation" as evidenced by his "proactive" treatment which commenced more than "one year prior to his arrest."[4]

II.

Our scope of review of a PTI denial is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). We apply the same standard of review as the trial court, and review its decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

---

[4] Defendant's date of arrest is unclear from the record.

A-2055-19T1

Our Supreme Court has long recognized PTI is a "diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." Roseman, 221 N.J. at 621 (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." Nwobu, 139 N.J. at 246 (citation omitted). Courts therefore afford prosecutors "broad discretion to determine if a defendant should be diverted" to PTI. State v. K.S., 220 N.J. 190, 199 (2015).

Accordingly, a "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008). A reviewing court may, however, overturn a prosecutor's rejection of PTI when a defendant "clearly and convincingly establish[es] that the prosecutor's decision constitutes a patent and gross abuse of discretion." State v. Nicholson, 451 N.J. Super. 534, 553 (App. Div. 2017) (citation omitted).

To establish a patent and gross abuse of discretion, a defendant must demonstrate that the prosecutor's decision "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement" and that "the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). The prosecutorial decision must be "so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Wallace, 146 N.J. at 583 (citation omitted). "Where a defendant can make that showing, a trial court may admit a defendant, by order, into PTI over the prosecutor's objection." Roseman, 221 N.J. at 625.

"The assessment of a defendant's suitability for PTI must be conducted pursuant to the Guidelines set forth in Rule 3:28,[5] along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Id. at 621. The decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or

---

[5] Effective July 1, 2018, "following changes to Rule 3:28, . . . the Guidelines were eliminated. Now, many of their prescriptions – with significant variations – are contained in Rules 3:28-1 to -10. N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application." State v. Johnson, 238 N.J. 119, 128 (2019).

her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

In the present matter the motion judge aptly determined the prosecutor's decision denying defendant's application for admission to PTI was not a patent and gross abuse of discretion. In doing so, the judge found "all relevant factors and no inappropriate facts were considered" by the prosecutor. The judge also was persuaded that "the level of supervision and treatment" recommended "would be more appropriate for regular probation, which does have a sex offender case load as opposed to [PTI]." We agree.[6]

Moreover, the prosecutor considered mitigating factors, but was unpersuaded that defendant's positive attributes outweighed the seven factors cited in this matter. The prosecutor specifically cited defendant's "ongoing psychological treatment" but concurred with the probation officer that PTI could not provide the level of supervision required, particularly in view of Dr.

---

[6] We part company, however, with the judge's initial finding that defendant "failed to overcome the heavy presumption of ineligibility for the PTI program" based on the endangering charge here. As defendant noted in his merits brief, defendant's offense does not fall within the purview of Rule 3:28-1(e) (providing a presumption against admission to PTI for: (1) offenses that "involved or touched [defendant's] public office or employment"; and (2) domestic violence offenses committed under certain circumstances). Nonetheless, that finding does not change the result we reach here.

A-2055-19T1

Silverman's recommendation that an "intensive treatment program" was warranted here.

Although neither N.J.S.A. 2C:43-12 nor Rule 3:28-1 to -10 defines the level of supervision provided by the PTI program, commentary to the court rules explains:

> The deterrence of criminal behavior in many cases requires intensive work: counseling, psychotherapy, drug-abuse prevention and control, employment placement. Programs in these cases should be measured against available treatment facilities and the time constraints of PTI. For other defendants, however, no more than a supervised pretrial probationary period may be necessary when no extensive need for rehabilitative services can be discerned.
>
> [Pressler & Verniero, Current N.J. Court Rules, cmt. on Guideline 1(d) to R. 3:28 (2021).[7]]

While we commend, as did the motion judge, "defendant's commitment toward rehabilitation," Dr. Silverman recommended "two to three years of sex offense specific treatment and participation in S.A.A." That intensive course of treatment is better served by probationary supervision, which has a "sex offender

---

[7] Guideline 1(d) provided that a purpose of PTI is: "To assist in the relief of presently overburdened criminal calendars in order to focus expenditure of criminal justice resources on matters involving serious criminality and severe correctional problems." "Although the purpose provision of Guideline 1 was omitted in the revision, the purposes there expounded upon remain relevant in the new regulatory pattern." Pressler & Verniero, cmt. 1 on 3:28-1.

case load." Accordingly, we reject defendant's reprised argument that a probationary sentence is functionally equivalent to PTI.

Further, although probation and PTI involve supervision and rehabilitation of a defendant, a probationary sentence results in a conviction. Accordingly, a violation of a probationary sentence carries more serious consequences than a violation of PTI, thereby presenting a stronger deterrent effect against future criminal conduct than PTI. Notably, the prosecutor's memorandum twice cited the "strong need to deter" defendant's conduct. Under these circumstances, defendant's ongoing mental health issues present challenges that are best addressed under the umbrella of probation's supervisory services and not the limited services provided by the PTI program.

Having reviewed the record in view of the governing law, we conclude, as the motion court found, the prosecutor properly considered the relevant factors and defendant failed to sustain his burden of demonstrating the prosecutor's decision was a patent and gross abuse of discretion. As such, the prosecutor's decision was not "so wide of the mark sought to be accomplished by PTI," Wallace, 146 N.J. at 583, that it requires our intervention.

To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-2055-19T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2055-19T1